LDA

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

PAOLA MAZZENGA
Plaintiff, : C.A.

VS.

ROSE MORTGAGE INC.
SAXON MORTGAGE SERVICES INC.
DEUTSCHE BANK TRUST CORPORATION
Defendants

CA 08 115 ML

**COMPLAINT**

**INTRODUCTION**

1. This action seeks redress against Rose Mortgage Inc. (hereinafter "Rose") and it's assignees, Saxon Mortgage Services Inc. (hereinafter "Saxon") and Deutsche Bank Trust Corporation ( hereinafter "Deutsche Bank" ) for violations of the Truth in Lending Act, 15 U.S.C. § 1635 et seq. ("TILA") and implementing Federal Reserve Board Regulation Z, 12 C.F.R. part 226.

**JURISDICTION AND VENUE**

2. This Court has subject matter jurisdiction over this action under 15 U.S.C. §1640 (TILA), and 28 U.S.C. §§1331 (general jurisdiction),1332 (diversity jurisdiction) and 1337 (interstate commerce).

3. Venue in this District is proper under 28 U.S.C. § 1391(b) and (c) because Defendants do business in this District. Defendants are therefore deemed to reside in this District under 28 U.S.C. § 1391( c).

**PARTIES**

4. Plaintiff resides in Cranston Rhode Island.

5. Defendant Rose is a New Jersey corporation with its principal place of business at 1160 Parsipanny Bld. Parsippany NJ 07054.

6. At the time of Plaintiff's refinance transaction, Rose entered into more than 5 transactions per year in which credit is extended that is secured by the principal residence of a consumer and is used for purposes other than the initial acquisition or construction of the residence.

7. Rose was therefore a creditor as defined in TILA and implementing Federal Reserve Board Regulation Z.

8. Rose is what is commonly known as a "subprime" lender, targeting persons who have or who believe they have impaired credit.

9. Upon information and belief, the Defendant Deutsche Bank Trust Corporation is a Trustee of a certain Trust that possesses certain ownership rights in a securitized pool of mortgages which holds the mortgage entered into between the Plaintiff and Rose as referenced herein.

10. Upon information and belief, the Defendant Saxon Mortgage Services Inc. is the servicer of the mortgage loan referenced herein and may have certain rights under the Trust agreement referenced above. Accordingly, Saxon Mortgage Services Inc. is a necessary party to effectuate the Plaintiff's demand for rescission of his mortgage loan.

11. Saxon and Deutsche Bank are the assignees of the loan entered into between the Plaintiff and Rose and therefore are liable for Plaintiff's rescission demand.

## FACTS

12. On or about May 15, 2006 Plaintiff and her husband obtained a loan from Rose secured by their residence, for the purpose of debt consolidation. All of the proceeds of the loans were used for personal, family or household purposes.

13. The loan was subject to the terms and conditions of the Federal Truth in Lending Act.

14. In accordance with the TILA, Rose was required to provide to each borrower certain material disclosures including but not limited to the "TIL" disclosure which provides information regarding the interest rate, annual percentage rate, amount financed and total payments due on the loan.

15. Rose did not provide Plaintiff with her own copy of the TIL disclosure referenced above as mandated by the the TILA.

16. On or about March 14, 2008 Plaintiff exercised her extended right to rescind the loan for violations of TILA. Notices of Rescission were sent to Rose and Saxon.

17. The Defendants have refused to honor the Plaintiff's demands for rescission.

## COUNT I - TRUTH IN LENDING ACT

18. Plaintiff incorporates ¶¶ 1-17 as if fully set out herein.

19. Because the refinance transaction referenced herein was secured by Plaintiff's home, and were not entered into for purposes of the initial acquisition or construction of that home, they were subject to the right to cancel provided by 15 U.S.C. §1635 and 12 C.F.R. §226 which provides that:

(a) Consumer's right to rescind.

(1) In a credit transaction in which a security interest is or will be retained or acquired in a consumer's principal dwelling, each consumer whose ownership interest is or will be subject to the security interest shall have the right to rescind the transaction, except for transactions described in paragraph (f) of this section.[fn]47

(2) To exercise the right to rescind, the consumer shall notify the creditor of the rescission by mail, telegram or other means of written communication. Notice is considered given when mailed, when filed for telegraphic transmission or, if sent by other means, when delivered to the creditor's designated place of business.

(3) The consumer may exercise the right to rescind until midnight of the third business day following consummation, delivery of the notice required by paragraph (b) of this section, or delivery of all material disclosures,[fn]48 whichever occurs last. If the required notice or material disclosures are not delivered, the right to rescind shall expire 3 years after consummation, upon transfer of all of the consumer's interest in the property, or upon sale of the property, whichever occurs first. In the case of certain administrative proceedings, the rescission period shall be extended in accordance with section 125(f) of the Act. [15 U.S.C. §1635(f)]

(4) When more than one consumer in a transaction has the right to rescind, the exercise of the right by one consumer shall be effective as to all consumers.

(b) Notice of right to rescind. In a transaction subject to rescission, **a creditor shall deliver 2 copies of the notice of the right to rescind to each consumer entitled to rescind. The notice shall be on a separate document that identifies the transaction and shall clearly and conspicuously disclose** the following:(Emphasis added)

(1) The retention or acquisition of a security interest in the consumer's principal dwelling.
(2) The consumer's right to rescind the transaction.
(3) How to exercise the right to rescind, with a form for that purpose, designating the address of the creditor's place of business.
(4) The effects of rescission, as described in paragraph (d) of this section.
(5) The date the rescission period expires. . . .

(f) Exempt transactions. The right to rescind does not apply to the following:

(1) A residential mortgage transaction [defined in 15 U.S.C. §1602(w) as one where a "security interest is created or retained against the consumer's dwelling to finance the acquisition or initial construction of such dwelling"].
(2) A credit plan in which a state agency is a creditor.

20. Plaintiff did not receive the material "TIL" disclosure, and accordingly is entitled to exercise her extended right to rescind the loan.

21. 15 U.S.C. § 1635(g) provides that a court may award damages under section 1640 in addition to rescission. The failure to honor and or at least acknowledge the Plaintiff's rescission demand is a separate violation entitling Plaintiff to an award of statutory damages.

**WHEREFORE**, Plaintiff requests that the Court enter judgment in her favor against Defendants as follows:

1. A declaration that Plaintiff is entitled to rescind;
2. Rescission of the loan;
3. Statutory damages;
4. Attorney's fees, litigation expenses and costs.
5. Such other relief as the Court deems appropriate.

Respectfully submitted,

Christopher M. Lefebvre
Claude Lefebvre, Christopher Lefebvre P.C.
P.O. Box 479
Pawtucket, RI 02862
(401) 728-6060
(401) 728-6534 (FAX)
Bar # 4019

**JURY DEMAND**

Plaintiff demands trial by jury.

Christopher M. Lefebvre