UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| PAOLA MAZZENGA<br>Plaintiff<br><br>VS.<br><br>ROSE MORTGAGE INC.<br>SAXON MORTGAGE SERVICES, INC.<br>DEUTSCHE BANK TRUST CORPORATION<br>Defendants | : | C.A. 08-115 ML |

**ANSWER OF DEFENDANTS SAXON MORTGAGE SERVICES, INC. AND DEUTSCHE BANK TRUST CORPORATION**

Now come Defendants Saxon Mortgage Services, Inc. and Deutsche Bank Trust Corporation, and answer the Complaint as follows:

1. Paragraph 1 of the Complaint contains no allegations to which a response is required. To the extent that a response is required, the Defendants deny the same.
2. Defendants admit as to jurisdiction under 15. U.S.C. § 1640 and 28 U.S.C. § 1331; Defendants have insufficient knowledge to form a belief as to subject matter jurisdiction as to 28 U.S.C. §§ 1332 and 1337 and therefore deny the same.
3. Admitted.
4. Defendants have insufficient knowledge to form a belief as to the allegation contained in paragraph 4 of the Complaint, and therefore deny the same.
5. Defendants have insufficient knowledge to form a belief as to the allegations contained in paragraph 5 of the Complaint, and therefore deny the same.
6. Defendants have insufficient knowledge to form a belief as to the allegations contained in paragraph 6 of the Complaint, and therefore deny the same.

7. Paragraph 7 is a legal conclusion to which no response is required. To the extent that a response is required, the Defendants deny the same.

8. Defendants have insufficient knowledge to form a belief as to the allegations contained in paragraph 8 of the Complaint, and therefore deny the same.

9. Admitted.

10. Admitted as to the first sentence. As to the second sentence of paragraph 10, it is a legal conclusion to which no response is required. To the extent that a response is required, the Defendants deny the same.

11. Denied.

12. Admitted as to the first sentence. As to the second sentence of paragraph 12, Defendants have insufficient knowledge to form a belief, and therefore deny the same.

13. Paragraph 13 is a legal conclusion to which no response is required. To the extent that a response is required, the Defendants deny the same.

14. Paragraph 14 is a legal conclusion to which no response is required. To the extent that a response is required, the Defendants deny the same.

15. Denied.

16. Denied.

17. Denied.

18. Defendants incorporate paragraphs 1-17 as if fully set out herein.

19. Paragraph 19 is a legal conclusion to which no response is required. To the extent that a response is required, the Defendants deny the same.

20. Denied.

21. Admitted as to the first sentence of paragraph 21. The second sentence is a legal conclusion to which no response is required. To the extent that a response is required, the Defendants deny the same.

**AFFIRMATIVE DEFENSES**

1. Plaintiff's claim is time barred by the one-year Truth in Lending Act's (15 U.S.C. § 1635 *et seq.*) statute of limitations.

2. Plaintiff cannot meet the condition precedent of rescission by the return of the money loaned.

3. Defendants are not liable by virtue of their being a holder in due course of the note and mortgage.

4. Any errors or omissions in the loan documents were done in a good faith attempt at compliance with federal laws and/or regulations.

5. Any errors or omissions in the loan documents were not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any errors or omissions.

6. Defendants used model forms and disclosures promulgated by the Federal Reserve Board.

7. Defendants are exempt from Plaintiff's claim under 15 U.S.C. § 1635(e).

8. Defendants reserve the right to amend their Answer as information obtained through discovery warrants.

WHEREFORE, Defendants request that this Court (1) enter judgment in their favor and against Plaintiff; (2) sustain the validity of the subject mortgage loan; (3) award Defendants

attorney's fees, litigation expenses and costs; and (4) any further relief that this Court deems just and proper.

Defendants,
By their Attorneys,
REINER, REINER & BENDETT, P.C.

Jeffrey J. Hardiman, #6299
160 Farmington Avenue
Farmington, CT 06032
(860) 677-2868, x 5011
(860) 677-4549

Dated: April 24, 2008

**CERTIFICATE OF SERVICE**

I hereby certify that on April 24, 2008, I served a copy of the Defendants' Answer upon the following parties by first class mail, postage prepaid:

Rose Mortgage, Inc.
1160 Parsipanny Bld.
Parsippany, NJ, 07054

Christopher M. Lefebvre, Esq.
PO Box 479
Two Dexter Street
Pawtucket, RI 02862

Jeffrey J. Hardiman