**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **PAOLA MAZZENGA** | : | |
| **Plaintiff,** | : | **C.A. 08-115ML** |
| | : | |
| **VS.** | : | |
| | : | |
| **ROSE MORTGAGE INC.** | : | |
| **SAXON MORTGAGE SERVICES INC.** | : | |
| **DEUTSCHE BANK TRUST CORPORATION** | : | |
| **Defendants** | : | |
| | : | |

**PLAINTIFF'S PRETRIAL CONFERENCE STATEMENT**

This action seeks redress against a mortgage lender for violation of the Truth in Lending Act, 15 U.S.C. §1601 et seq. ("TILA") and implementing Federal Reserve Board Regulation Z, 12 C.F.R. part 226. The following facts will be easily established after a brief period of discovery. On or about May 15, 2006 Plaintiff Paola Mazzenga and her husband obtained a loan from Rose Mortgage, Inc., secured by their residence, for the purpose of debt consolidation. All of the proceeds of the loan were used for personal, family or household purposes. Because the loan in question was subject to the terms and conditions of the Federal Truth in Lending Act, Rose Mortgage, Inc. was required to provide to each borrower certain material disclosures including, but not limited to, the "TIL" disclosures. In connection with the Plaintiff's loan, however, Rose Mortgage, Inc. failed to provide Plaintiff with her own individual copies of the required TIL disclosures referenced above as mandated by the Federal Truth in Lending Act in violation of 15 U.S.C. §1635 and 12 C.F.R. §226.23. Notices of rescission have been sent to all Defendants. Upon information and belief, Defendant Rose Mortgage, Inc. is no longer

operational . The Defendants, however, have refused to honor the Plaintiff's demand for rescission of the mortgage loan referenced herein. The instant lawsuit was, subsequently, filed by the Plaintiff to enforce rescission of the loan.

TILA was enacted "to assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him/her and avoid the uninformed use of credit..." 15 U.S.C. §601(a). "Accordingly, the Act requires creditors to provide borrowers with clear and accurate disclosures of terms dealing with things like finance charges, annual percentage rates of interest, and the borrower's rights." Beach v. Ocwen Federal Bank , 523 U.S. 410 (1998). Under TILA regulations, a creditor is required to "deliver two copies of the notice of the right to rescind" which must "be on a separate document that identifies the transaction" and "**clearly and conspicuously**" discloses the consumer's right to rescind the transaction. 12 C.F.R. § 226.23(b)(1). If the required notice or material disclosures are not delivered, the right to rescind shall expire three years after consummation. *See* 12 C.F.R. § 226.23(a)(3). Reese v. Hammer Financial Corp., 1999 WL 1101677 ( N.D.Ill. 1999).

Even where a plaintiff has executed an acknowledgment of receipt of accurate disclosures, such a statement simply raises "a rebuttable presumption" and the jury must ultimately decide which documents were in fact received at the time of closing. Davison v. Bank One Home Loan Services, 2003 WL 124542 (D.Kan. 2003). *Accord*, Cooper v. First Gov't Mortgage & Investors Corp., 2002 WL 31520158, at *11-13 (D.D.C. Nov. 4, 2002) (presumption rebutted by borrower's testimony); Hanlin v. Ohio Builders & Remodelers, Inc., 212 F.Supp.2d 752 (S.D.Oh. 2002) (same); Stone v. Mehlberg, 728 F.Supp. 1341 (W.D.Mich. 1989)(same);In re Rodrigues, 278 B.R. 683 (Bkrtcy.D.R.I. 2002) (same); In re Williams, 232

B.R. 629 (Bkrtcy.E.D.Pa. 1999)(same), *aff'd in relevant part*, 237 B.R. 590, 594- 95 (E.D.Pa .1999). *See also* Jenkins v. Landmark Mortgage Corporation, 696 F.Supp. 1089, 1093 (W.D.Va.1988) (rebuttable presumption of receipt that was created by acknowledgment of receipt of TILA disclosure statement was rebutted by "testimony that plaintiff left the attorney's office without the TILA disclosure form and did not actually receive it in the form she could keep until [later].").

In this case, in order for the Plaintiff to prevail, she need only convince the jury that she was not provided with her own individual copies of the TILA disclosures. Inevitably, as is typical in these cases, the Defendant will produce a copy of a completed right to cancel with an acknowledgment that the Plaintiffs received two copies of said document. As referenced above, this presumption of receipt of completed documents can be rebutted by the testimony of the Plaintiff and her husband, and probably via the testimony of the closing agent(s). Plaintiff seeks absolute rescission of her loan, an award or statutory damages of $2000.00 and payment of all attorneys fees and costs.

Respectfully submitted,

/s/ Christopher M. Lefebvre
BBO # 4019
LAW OFFICES OF CLAUDE
LEFEBVRE & SONS
P.O. Box 479
Pawtucket, RI 02862
(401) 728-6060
(401) 728-6534 (FAX)

**CERTIFICATION**

I hereby certify that I served a copy of the Plaintiff's Pre-Trial Conference Statement upon the Defendants' counsel, Jeffrey J. Hardiman, Reiner, Reiner & Bendett, P.C. via the ECF System of the District Court of Rhode Island on the23th day of July 2008.

/s/ Christopher M. Lefebvre