UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| PAOLA MAZZENGA<br>Plaintiff<br><br>VS.<br><br>ROSE MORTGAGE INC.<br>SAXON MORTGAGE SERVICES, INC.<br>DEUTSCHE BANK TRUST CORPORATION<br>Defendants | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | C.A. 08-115 ML |

**PRETRIAL CONFERENCE STATEMENT OF DEFENDANTS SAXON MORTGAGE SERVICES, INC. AND DEUTSCHE BANK TRUST CORPORATION**

Plaintiff has brought this action alleging violations of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq.*, and Regulation Z, 12 C.F.R. part 226. Saxon Mortgage Services, Inc. and Deutsche Bank Trust Corporation ("Defendants") are not liable for damages under either statute because Plaintiff received the requisite disclosure documents, and the time allotted to rescind has expired. Furthermore, notwithstanding Plaintiff's receipt of the documents, Plaintiff is unable to reinstate Defendants to their prior status as required by TILA. The facts relevant to the case are as follows.

On May 15, 2006, Plaintiff, Paola Mazzenga ("Plaintiff") obtained a loan for refinancing purposes from Rose Mortgage Inc. in the amount of $306,000.00. To secure this mortgage, Plaintiff and her husband mortgaged the premises known as 510 Hope Road, Cranston, Rhode Island to Mortgage Electronic Registration Systems, Inc. solely as nominee for Rose Mortgage Inc. and its assigns.

The closing of the loan transaction took place on May 15, 2006 as evidenced by the signed and dated documents. The subject loan was controlled by the rules and

regulations of TILA, and as such, certain documents, notices and disclosures must to be given to Plaintiff in order to procure the validity and legality of the loan.

As will be established, Plaintiff signed and dated all relevant documents including but not limited to the Notice of Right to Cancel, the TIL Disclosure Statement and the Specific Closing Instructions. Plaintiff's signature attests to her obtaining of all relevant documents before the conclusion of the closing.

In order to prevail, Defendants intend to prove to the Court that Plaintiff received the relevant disclosure documents; thus the time to rescind has expired, as has the time to recover under TILA. Plaintiff's allegations of noncompliance are insufficient to prove the loan to be invalid.

In *Mills v. Equicredit Corporation, et al.*, 172 Fed.Appx. 652 (6th Cir. 2006), the court granted the lender's motion to dismiss the plaintiff's rescission action. The plaintiff was claiming that the Notice of Right to Cancel was faulty and not all relevant disclosures had been made. The court determined, however, that the Plaintiff's mere allegations, without more, were insufficient to support a rescission claim. *Id.* at 656. After its examination of the notice of rescission, the court stated, "it is undisputed that Plaintiffs signed forms titled 'Notice of Right to Cancel,' which notified the Plaintiffs that they had three days to cancel their loan agreements with Defendants." *Id.* at 657. The court thus determined that by insufficient pleading, dismissal of the TILA claim was proper. Furthermore, because the plaintiffs had been notified of their right to cancel, the one-year limitation for bringing a cause of action under TILA at § 1640(e) had also expired

Notwithstanding Plaintiff's signature and insufficient pleading, Plaintiff has not established that she is able to return the full amount tendered to her at loan origination.

Rescission requires that the full amount of the loan, or the equivalent of the value thereof, must be returned to the lender by the borrower before rescission can be final and adequate. Due to the extensive amount of money borrowed in mortgage transactions, a majority of courts stipulate the right of rescission upon the borrower's restoration of the lender. *Large v. Conseco Finance Servicing Corp.*, 292 F.3d. 49, 55-56 (2002); *Egipciaco Ruiz v. R&G Financial Corporation*, 383 F.Supp.2d 318, 321 (2005); See also, 15 U.S.C. § 1635(b). In fact, "[o]nly a scarce number of courts have declined to condition the right of rescission to the consumer's tender of the loan amount." *Id.* See also *In re Celona,* 90 B.R. 104 (Bkrtcy. E.D. Pa. 1998).

Two years have passed since the inception of the subject loan. According to the Commitment Schedule (HUD) and mortgage documents, only $100,000.00 was given in cash to Plaintiff; the sum of $192,000.00 was paid to Accredited Home Lenders in satisfaction of a prior mortgage; the remainder was used to pay real property taxes due and payable. Therefore, Plaintiff's tender of the entire balance of the loan is unlikely. Thus, rescission is inappropriate.

For the foregoing reasons, Defendants request this Honorable Court to sustain the validity of the loan, and award reasonable attorneys fees and costs.

Defendants,
Saxon Mortgage Services, Inc.
Deutsche Bank Trust Corporation
By their Attorneys,
Reiner, Reiner & Bendett, PC

Jeffrey J. Hardiman, #6299
160 Farmington Avenue
Farmington, CT 06032
(860) 677-2868, x 5011
(860) 677-4549

**CERTIFICATION**

I hereby certify that on August ____, 2008, I served a copy of the Defendants' Pretrial Conference Statement upon the following parties:

Rose Mortgage, Inc.
1160 Parsipanny Bld.
Parsippany, NJ, 07054
*Via first class mail*

Christopher M. Lefebvre, Esq.
PO Box 479
Two Dexter Street
Pawtucket, RI 02862
*Via electronic filing*

Jeffrey J. Hardiman